FRANKLIN CAPITAL CORPORATION, complainant-respondent,

*v.*

JACOB HEINOCHOWITZ et al., defendants-appellants.

[Submitted May 26th, 1933. Decided September 27th, 1933.]

*Mr. Andrew Van Blarcom,* for the appellants.

*Mr. Milton M. Unger,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This appeal is in a sense a recrudescence of the situation exhibited in the report of this case in *110 N. J. Eq. 544.*

On October 24th, 1932, a counsel for respondents served an affidavit on the solicitors for defendant below, setting forth that there had been several successive sales (as described in our former opinion), a deposit of ten per cent. on each, and failure to complete the purchases from the sheriff; that there were taxes in arrear and an assessment in prospect; that a new sale had been advertised for October 12th, 1932, adjourned to the 19th and again adjourned on application of Jacob Heinochowitz to November 2d; and there had been no outside bidders, and that in the opinion of counsel Jacob would continue the former tactics by another payment of ten per cent. and another default as to the balance. With the affidavit was served, on October 24th, a notice that on November 1st, the court would be asked to direct the sheriff on the sale to require of any purchaser a cash payment of not less than twenty-five per cent.

No affidavit in reply was filed, and as the order appealed from recites that counsel was heard in support of the application and is silent as to appearance of opposing counsel, we gather that there was no appearance for defendants on November 1st. The court made the order directing the sheriff to require the cash payment of twenty-five per cent. The notice of appeal is dated November 15th. Petition of appeal was served December 14th.

The gravamen of the appeal is that it was beyond the power of the court of chancery to modify the terms of sale after a *fieri facias* in foreclosure has gone to the sheriff. At least, we so understand the argument in the brief. Counsel frankly concedes, as well he may, "the statutory and inherent power of

the court of chancery to make rules and orders regulating sales held pursuant to its writs." See Chancery act, *Comp. Stat. p. 447 § 95, proviso; Seaman* v. *Riggins, 2 N. J. Eq. 214; Parkhurst* v. *Cory, 11 N. J. Eq. 233; Collins* v. *Kiederling, 87 N. J. Eq. 12; 35 C. J. 29, 33.* We can see no reason for denying, and every reason for asserting, the control of the court over its own writs within constitutional limitations. Applications to stay sale after appeal and refusal of a stay in chancery are common enough in this court. Chancery may stay the sale. *American Life and Fire Insurance Co.* v. *Ryerson, 6 N. J. Eq. 9; Schenck* v. *Conover, 13 N. J. Eq. 31.* Of necessity it can prescribe terms, and does so constantly in administration suits. When execution goes to the sheriff, he must sell land in the manner provided by statute, which prescribes the advertisement, &c., but the terms of sale are mainly within his discretion in the absence of instructions from the court. The unofficially reported case of *Annin* v. *Jones, 2 N. J. L. J. 22,* is relied on by both sides. Vice-Chancellor Van Fleet there said, in effect, as reported, that he would let the sheriff exercise his discretion as to selling on the advertised day, but that if he did not sell on that day, and adjourned, the court would direct him to sell on the next day, having already in another case held its authority in that regard superior to that of the sheriff.

Sheriffs are but officers of the court in matters like this. They are allowed, normally, to settle terms of sale at their discretion. But if it appear that those terms are not effectual, the court can and should intervene, and its powers are in no way hampered by the fact that a writ, which it may recall, or quash in a proper case, has issued and is outstanding.

We consider that there was complete jurisdiction to make the order appealed from. It is suggested that it was unreasonable in view of the fact that it was made on November 1st to affect a sale to be held November 2d. But a week's notice of the application was given; the motion was apparently not resisted; it is not suggested that any bidder went away because of the altered terms; and so far as appears the sale has not yet been held.

We think the appeal devoid of merit. The order will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.